O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED SKIN & HAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER BANCROFT; REJUVA MD, LLC; and DOES 1 through 10, inclusive, <br><br> Defendant. | CV 11-6587 RSWL (Ex) <br><br> **ORDER re: Defendant Jennifer Bancroft's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss Trademark Infringement and Unfair Competition Claims Under 12(b)(6) [29]** |

Currently before the Court is Defendant Jennifer Bancroft's ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss Trademark Infringement and Unfair Competition Claims Under 12(b)(6).  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Motion to

1

Dismiss Trademark Infringement and Unfair Competition Claims Under 12(b)(6).

**I.   Background**

    Defendant is the founder and CEO of Defendant Rejuva MD ("Rejuva"), a Texas Limited Liability Company that sells various cosmetic products to California companies and medical offices.  Plaintiff Advanced Skin & Hair, Inc. ("Plaintiff") is a California corporation with its principal place of business in Los Angeles, California.  Plaintiff manufactures, designs, and sells skin care products and related merchandise.

    Plaintiff alleges that through Rejuva, Defendant knowingly and willfully infringed on Plaintiff's trademarked products.  On December 27, 2011, Defendant filed the present Motion [29].  Rejuva has not joined in this Motion, nor otherwise challenged the Court's personal jurisdiction over it.

**II.  Legal Standard**

    **A.   Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)**

    Although the plaintiff has the burden of proving personal jurisdiction, a plaintiff need only make a prima facie showing of jurisdictional facts in order to defeat a motion to dismiss.  In re Pintlar Corp., 133 F.3d 1141, 1144 (9th Cir. 1998) (citing Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990)).  The plaintiff need only allege facts which, if true, would support a finding of

2

jurisdiction. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citing Data Disc v. Sys. Tech. Assoc., 557 F.2d 1280, 1285 (9th Cir. 1977)).

The exercise of personal jurisdiction over a nonresident defendant requires the presence of two factors. The forum state's laws must provide a basis for exercising personal jurisdiction, and the assertion of personal jurisdiction must comport with due process. Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474, 1477 (9th Cir. 1986). The California long-arm statute permits the exercise of jurisdiction "on any basis not inconsistent with the Constitution . . . of the United States." Cal. Civ. Proc. Code § 410.10. This statute renders the state and federal limits of jurisdiction coextensive. Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). Thus, only a due process analysis is required.

Due process requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The defendant's contacts must be "such that the [defendant] should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Depending upon the nature and scope of the defendant's contacts with the forum, jurisdiction may be general or specific to the cause of

action. <u>Roth</u>, 942 F.2d at 620 (citing <u>Data Disc</u>, 557 F.2d at 1287).

In the area of personal jurisdiction and the Internet, the Ninth Circuit has adopted the "sliding scale" test set forth in <u>Zippo Manufacturing Co. v. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119 (W.D. Pa. 1997). <u>See</u> <u>Gator.Com Corp. v. L.L. Bean, Inc.</u>, 341 F.3d 1072, 1079-80 (9th Cir. 2003). Applying this sliding scale, a passive website "does little more than make information available to those who are interested in it," which does not support the exercise of personal jurisdiction over its operators. <u>Zippo</u>, 952 F. Supp. at 1123. However, with an interactive website, which is used to exchange information with the host computer, the constitutionality of exercising personal jurisdiction is "directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." <u>Id.</u> at 1124; <u>see generally</u> <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 418 (9th Cir. 1997) ("Courts that have addressed interactive sites have looked to the level of interactivity and commercial nature of the exchange of information that occurs on the Web sites to determine if sufficient contacts exist to warrant the exercise of jurisdiction").

**B.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

In a motion to dismiss brought under Federal Rule

4

of Civil Procedure 12(b)(6), the Court must presume all non-conclusory, factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). A dismissal can be based on the lack of cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). However, a party is not required to state the legal basis for his claim, only the facts underlying it. <u>See</u> <u>McCalden v. Cal. Library Ass'n</u>, 955 F.2d 1214, 1223 (9th Cir. 1990).

    Thus, the question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of his claim. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002). To survive a motion to dismiss, a complaint must contain sufficient factual matter, to state a claim to relief that is plausible on its face. <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

///
///

**III.    Analysis**

    **A.   Defendant's Motion to Dismiss for Lack of Personal Jurisdiction**

The Court finds that Plaintiff has met its burden by making a prima facie showing of the Court's personal jurisdiction over Defendant. Plaintiff premises personal jurisdiction primarily on the allegation that Defendant sold infringing skin care products bearing "Rejuva MD" marks to customers in this state and participated in injuring Plaintiff by directly selling, offering for sale, distributing, advertising, or promoting such products in California through websites as well as through representatives, partners, and affiliates. Complaint ¶¶ 35-37. The Court finds that these contacts with California are sufficient for the Court to exert specific jurisdiction over Defendant.

Specific jurisdiction exists if the claim arises out of or is related to the defendant's forum activities. Hirsch v. Blue Cross, Blue Shield, 800 F.2d 1474, 1477 (9th Cir. 1986). The Ninth Circuit has formulated a three-prong test here in order to determine whether the exercise of specific jurisdiction comports with due process and therefore exists over the defendant: 1) the defendant must purposefully avail herself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) the plaintiff's claim must arise out of, or result from, the defendant's forum-related contacts; and 3) the

extension of jurisdiction must be "reasonable." <u>Roth</u>, 942 F.2d at 620-21; <u>see</u> <u>Haisten v. Grass Valley Med. Reimbursement Fund</u>, 784 F.2d 1392, 1397 (9th Cir. 1986).

The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, then personal jurisdiction is not established in the forum state. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." <u>Id.</u>

Here, the Court finds that all three prongs have been satisfied, and therefore the Court has specific jurisdiction over Defendant.

### 1. **Purposeful Availment**

The Court finds that Defendant has purposefully availed herself of the privilege of conducting activities in California.

Purposeful availment "examines whether the defendant's contact with the forum are attributable to his own actions or are solely the actions of the plaintiff." <u>Sinatra v. National Enquirer</u>, 854 F.2d 1191, 1195 (9th Cir. 1998). To show purposeful availment, a plaintiff must show that the defendant

7

"engage[d] in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Gray & Co. v. Firstenberg Machinery Co., 913 F.2d 758, 760 (9th Cir. 1990).

Here, the Complaint alleges that Defendant purposefully availed herself of the privilege of conducting business in California by directing and supervising the sales of the infringing product by Rejuva through representatives, partners, and affiliates. Complaint ¶¶ 35-37. Furthermore, Defendant states in her declaration that she is the "founder and CEO" of Rejuva. Declaration of Jennifer Bancroft ("Bancroft Decl.") ¶ 2. Moreover, Defendant does not explicitly deny that she directed the sales, manufacturing, marketing, advertising, and distribution of the infringing products in California, whether personally or through Rejuva's websites. As such, the Court accepts Plaintiff's allegations as true for the purposes of this Motion. See Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) ("Where not directly controverted, plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss").

### a. The Fiduciary Shield Doctrine

Although Defendant does not use the term, she appears to rely on the fiduciary shield doctrine. Colt Studio, Inc. v. Badpuppy Enter., 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999). Under the fiduciary shield

8

doctrine, "officers, directors, agents and employees" of a corporation are not necessarily subject to a given jurisdiction based on the corporation's contacts with that jurisdiction. Id.

The Court finds that the fiduciary shield doctrine does not apply to Defendant given that a corporate officer's contacts on behalf of a corporation are sufficient to subject the officer to personal jurisdiction where the officer is a "primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities." Allstar Marketing Group, LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1120 (C.D. Cal. 2009).

The Court accepts, for the purposes of analyzing jurisdiction, the uncontroverted allegation that Defendant participated in directing the selling, manufacturing, marketing, advertising, or distributing of infringing products to California. This is "sufficient to establish that [she was] the moving force behind the infringing activity." Id. (holding that a corporate officer was the moving force behind an infringing activity when the officer participated and encouraged the sale of infringing products to the forum state). Because these infringing sales also occurred via Rejuva's websites, the Court examines them in the context of law governing personal jurisdiction based on Internet activity.

### b. Defendant's Activities via Rejuva's Website

In the Internet context, the Ninth Circuit utilizes a sliding scale analysis under which 'passive' websites do not create sufficient contacts to establish purposeful availment, whereas interactive websites may create sufficient contacts, depending on how interactive the website is. See Gator.Com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1079-80 (9th Cir. 2003) (citing the "sliding scale" test as a test "that both our own and other circuits have applied to Internet-based companies."). Here, Plaintiff alleges that Defendant, via Rejuva's websites, actively promoted and offered to sell infringing products in California. Declaration of Jason Far-Hadian ("Far-Hadian Decl."), ¶ 4. Defendant alleges that only customers who have a pre-existing contractual relationship with Rejuva can purchase products through their website, and it cannot be used by the general public. Bancroft Decl., ¶¶ 8-9. The Court finds that this statement is insufficient to rebut Plaintiff's contention that Defendant runs an interactive website that sells products in California.

Based on Plaintiff's uncontroverted allegations, the Court finds that by actively promoting and operating a commercial website through which sales of allegedly infringing products are made to customers in California, Defendant purposefully availed herself of

the benefits of doing business in California, such that she should reasonably anticipate being haled into court here. Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074, 1978.

## 2. Plaintiff's Claims Arise Out of Defendant's Contacts with California

The Court finds that Plaintiff's claims arise out of Defendant's forum-related activities. A lawsuit arises out of a defendant's contacts with a forum state if there is a direct nexus between the claims being asserted and the defendant's activities in the forum. See Shute v. Carnival Cruise Lines, 897 F.2d 377, 385 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991). The Ninth Circuit follows a "but for test" in determining whether an action arises out of the defendant's contacts with the forum state. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995).

Here, Defendant's contacts with the forum include directing the sale of allegedly infringing products to customers in this state, including via interactive websites. These contacts are sufficient to satisfy the arising out of requirement given that "but for" the sale of allegedly infringing products to California citizens, Plaintiff would not have been injured. Allstar, 666 F. Supp. 2d at 1123 (finding that lawsuit would not have occurred "but for" defendant's interactive website and direct sales to California customers).

### 3. **Exercising Jurisdiction over Defendant is Reasonable**

The Court finds that the final prong of the Ninth Circuit three-part test for specific jurisdiction is satisfied as exercising jurisdiction over Defendant is reasonable.

Reasonableness is assessed by the following factors: (1) the extent of the defendant's purposeful interjection into the forum; (2) the burden on the defendant in litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993). The burden to establish unreasonableness, however, once the other prongs of the personal jurisdiction test are established, is on the defendant. Id. at 1487.

Addressing the first factor, the Ninth Circuit has held that this factor "parallels the question of minimum contacts" in determining the reasonableness of exercising specific jurisdiction. Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc., 1 F.3d 848, 852 (9th Cir. 1993); Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991) ("In light of the first prong of purposeful

12

availment, analysis of this first factor in the third prong would be redundant"). As such, because Defendant purposefully availed herself on California by serving as the driving force behind the activities of Rejuva in California, the Court finds that Defendant purposefully interjected herself in California, supporting a finding of reasonableness.

The second factor, the burden on a defendant in litigating in the forum, must be examined in light of the corresponding burden on the plaintiff. <u>Sinatra v. National Enquirer, Inc.</u>, 854 F.2d 1191, 1199 (9th Cir. 1988). The Court finds that there is little burden on Defendant to defend the action in this forum. As the founder and CEO of Rejuva, whose jurisdiction has not been challenged, Defendant will likely be litigating in California regardless of the Court's jurisdiction over her personally.

The third factor involves evaluating the extent of any conflict with the sovereignty of Defendant's home state. Here, Defendant is a citizen of Texas rather than a foreign nation. As such, "[a]ny conflicting sovereignty interests [can be] accommodated through choice-of-law rules." <u>Nissan Motor Co. Ltd. v. Nissan Computer Corp.</u>, 89 F. Supp. 2d 1154, 1161 (C.D. Cal. 2000) (citing <u>Gray & Co. v. Firstenberg Machinery Co.</u>, 913 F.2d 758, 761 (9th Cir. 1990)). As a consequence, the Court finds this factor of little importance in its determination of reasonableness.

1  The fourth factor considers California's interest in adjudicating the controversy.  Here, the alleged trademark infringement and consumer confusion matters occurred in California, Plaintiff's principal place of business.  28 U.S.C. § 1332(c)(1) (deeming a corporation to be a citizen where it has its principal place of business).  As such, because California maintains a strong interest in redressing the injury of its citizen, the Court finds this factor weighs in favor of Plaintiff.  See Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998).

The fifth factor, the most efficient judicial resolution of the controversy primarily focuses on the location of the evidence and the witnesses.  Core-Vent Corp., 11 F.3d at 1489.  Here, while Defendant contends that her documents and evidence are located in Texas, Plaintiff claims that its documents and evidence are located primarily in California.  However, the personal jurisdiction of Rejuva has not been challenged in this case, and as such, litigation will proceed against Defendant in California regardless of the outcome of this Motion.  It would be contrary to principles of judicial economy to have a separate, almost identical proceeding in Defendant's home state of Texas.  Accordingly, the Court finds this factor weighs in favor of Plaintiff.

The sixth factor is the importance of the forum to a plaintiff's interest in convenient and effective

relief. Nothing in the Parties' papers establishes that effective relief is not available to Plaintiff in Texas, Defendant's preferred choice of forum. While litigating in Texas would no doubt inconvenience Plaintiff, "neither the Supreme Court nor [the Ninth Circuit] has given much weight to inconvenience to the Plaintiff." Ziegler v. Indian River County, 64 F.3d 470, 476 (9th Cir. 1995). The Court finds this factor therefore weighs only slightly in favor of Plaintiff.

The final factor, the availability of an alternative forum, is the only factor that weighs in favor of Defendant. Plaintiff "must carry the burden of proving the unavailability of an alternative forum." Pacific Alt. Trading Co. v. M/V Main Exp., 758 F.2d 1325, 1331 (9th Cir. 1985). Here, the Court finds that this factor favors Defendant as Plaintiff has not demonstrated or even argued that Texas is not a viable and available venue for litigating this suit.

As such, five out of the seven factors favor Plaintiff, the third factor being neutral, and only the seventh factor favors Defendant. Although Defendant argues that litigating in California will inconvenience her, the Court finds that this is not sufficient, given the balance of the remaining factors to establish that exercising personal jurisdiction over Defendant would be reasonable.

In sum, because all three requirements, purposeful availment, arising out of, and reasonableness, weigh in

favor of a finding of specific jurisdiction, the Court finds that it is appropriate to exercise personal jurisdiction over Defendant. As such, the Court **DENIES** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.

### B. Motion to Dismiss Trademark Infringement and Unfair Competition Claims Under 12(b)(6)

The Court **DENIES** Defendant's Motion to Dismiss Trademark Infringement and Unfair Competition Claim under 12(b)(6).

Defendant argues that Plaintiff has not "alleged facts sufficient to show the requisite degree of personal involvement necessary to state its various claims for relief" under <u>Twombly</u>. However, the Supreme Court's decision in <u>Twombly</u> confirms that a complaint must include sufficient factual allegations to indicate that a claim "is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Plaintiff's allegations against Defendant in this case satisfy the plausibility requirements of <u>Twombly</u>.

The Court finds that Plaintiff has pled sufficient facts to support a cognizable legal theory. Specifically, the Complaint contains a factual description of Defendant's role in directing the infringing activities of Rejuva, the sale of skin care products bearing the infringing "Rejuva MD" mark, the similarity of Defendant's infringing marks to Plaintiff's registered "Rejuve" and "Rejuve MD" marks,

1  and the use by Defendant of fonts and packaging
2  features that are similar to those found on Plaintiff's
3  products.  Complaint ¶¶ 1, 3-5, 10-19.
4      Therefore, the Court finds Plaintiff has pled
5  sufficient facts to support its claims and Defendant's
6  Motion to Dismiss Trademark Infringement and Unfair
7  Competition Claims under 12(b)(6) is hereby **DENIED**.
8  **IV. <u>Conclusion</u>**
9      For the reasons stated above, the Court **DENIES**
10 Defendant's Motion to Dismiss for Lack of Personal
11 Jurisdiction.  In addition, for the reasons stated
12 above, the Court also **DENIES** Defendant's Motion to
13 Dismiss Trademark Infringement and Unfair Competition
14 Claims Under 12(b)(6).
15
16 **IT IS SO ORDERED.**
17 DATED: March 14, 2012

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge