O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED SKIN & HAIR, INC., | CV 11-6587 RSWL (Ex) |
| Plaintiff, | **ORDER re: Defendant Jennifer Bancroft's, Motion to Set Aside Default, [FRCP 55(c)] [35]** |
| v. | |
| JENNIFER BANCROFT; REJUVA MD, LLC; and DOES 1 through 10, inclusive, | |
| Defendant. | |

Currently before the Court is Defendant Jennifer Bancroft's ("Defendant") Motion to Set Aside Default pursuant to Rule 55(c). The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Defendant's Motion to Set Aside Default.

Entry of default may be set aside "for good cause shown." Fed. R. Civ. Proc. 55(c). When considering a

1

motion to set aside an entry of default, courts typically look at: (1) whether there was some "culpable conduct" by the defendant; (2) whether the defendant can present a meritorious defense; and (3) whether the plaintiff would be unduly prejudiced. <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001).

    The Court finds that good cause exists to set aside the entry of default against Defendant. It appears from the facts and evidence provided that Defendant's failure to answer was not willful, intentional, nor done in bad faith. <u>TCI Group</u>, 244 F.3d at 697. Therefore, the Court finds that Defendant has not exhibited culpable conduct in failing to answer. Furthermore, Defendant has presented facts showing a genuine dispute over whether she was involved in the trademark infringement at all, which is a meritorious defense. <u>Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.</u>, 375 F.3d 922, 926 (9th Cir. 2004). Finally, Plaintiff Advanced Skin and Hair Inc. has not shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion that would result if Defendant is allowed to defend this action. <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2nd Cir. 1983) (quoting 10 Charles Alan Wright et al., Federal Practice & Procedure § 2699, at 536–37). Therefore, all of the good cause factors weigh in favor

of setting aside default.

Accordingly, Defendant's Motion to Set Aside Default is **GRANTED**.  The Clerk of the Court is ordered to set aside the entry of default against Defendant.

**IT IS SO ORDERED.**

DATED: March 14, 2012

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge