**CENTURY IP GROUP, INC.**
F. Jason Far-hadian (SBN 182648)
jfarhadian@i-p-law.us
P.O. Box 7333
Newport Beach, CA 92658
Telephone:   (888) 789-2266
Facsimile:   (888) 789-1266

**SNELL & WILMER**
Philip J. Graves (SBN 153441)
pgraves@swlaw.com
350 South Grand Avenue, Suite 2600
Los Angeles, CA 90071-3406
Telephone:   (213) 929-2500
Facsimile:   (213) 929-2525

Attorneys for Plaintiff
   **ADVANCED SKIN & HAIR, INC.**

**PATEL & ALUMIT, P.C.**
Evan Anderson (SBN 249319)
Evan@patelalumit.com
16830 Ventura Blvd., Suite 360
Encino, CA 91436
Telephone:   (818) 380-1900
Facsimile:   (818) 380-1908

Attorneys for Defendants
   **JENNIFER BANCROFT, REJUVA MD LLC**
   **and Does 1 Through 10, Inclusive.**

FILED
CLERK, U.S. DISTRICT COURT
JUN - 6 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED SKIN & HAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> REJUVA MD LLC, <br><br> Defendant. | Case No.  CV11-6587-RSWL (Ex) <br><br> Assigned to the Honorable <br> Ronald S. W. Lew <br><br> [~~PROPOSED~~] <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

## INTRODUCTION

The Parties, Plaintiff ADVANCED SKIN & HAIR, INC. ("Plaintiff") and Defendant REJUVA MD, LLC ("Defendant") having agreed to a settlement of the claims between them asserted in this lawsuit, have stipulated to entry of this Consent Judgment and Permanent Injunction as provided below.

This Court has jurisdiction over Defendant and over the subject matter at issue in this action. Defendant consents to jurisdiction of this Court for the purpose of construing, executing and enforcing this Consent Judgment and Permanent Injunction, and this Court retains jurisdiction for this purpose.

Since at least as early as 2004, Plaintiff has owned and operated a cosmetic company that uses the "Rejuve MD" trademark in connection with the sale, marketing and promotion of several skin and hair products. "Rejuve" and "Rejuve MD", in particular, are registered trademarks of the Plaintiff as follows: Registration No. 3,983,375 for "REJUVE" and Registration No. 3,983,376 for "REJUVE MD" in International Classes 3 and 5 for cosmetic and pharmaceutical products.

Defendant Rejuva MD LLC is a Texas Limited Liability Company with a principal place of business located at 1808 Industrial Boulevard, Suite 102, Colleyville, Texas 76034. Defendant engages in the sale of certain cosmetic products in connection with the "Rejuva MD" Trademark ("Defendant's Goods and Services").

Since 2010, Defendant has sold some of the Defendant's Goods and Services under the Rejuva MD Trademark through independent contractors and through Defendant's online website located at www.rejuvamd.com ("Defendant's Website") and through certain other affiliated or redirected websites ("Affiliated Websites").

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

Based on an agreement reached between the Parties to settle the pending claims between them, it is hereby ORDERED, ADJUDGED AND DECREED that Defendant and each of its members, officers, directors, agents, employees, subsidiaries, affiliates, partners, predecessors, successors and/or related companies, and persons in active concert or participation with Defendant are hereby permanently enjoined from:

(1) contesting the validity of the above-noted Plaintiff's registered trademarks or Plaintiff's ownership rights therein, in any future proceedings between the Parties, including any action brought by the Plaintiff claiming trademark infringement and/or unfair competition;

(2) doing business under or using the Rejuva MD trademark, or any other commercial name, including without limitation a corporate name, a trade name or trademark that is similar to the Plaintiff's registered trademarks (e.g., a name or a mark containing the root "juv" or "rejuve" or a combination of sequentially ordered letters "R" "E" "J" "U" "V", whether in lower case or capital), in connection with the sale and promotion of Defendant's Goods and Services, except the Defendant will have until August 1, 2012 to process any refunds for products purchased from the Defendant prior to November 7, 2011 and may further file tax returns under such business name as necessary to comply with the applicable tax laws;

(3) using Defendant's Website for, or causing or requesting that, after November 7, 2011, any Affiliated Websites to perform any commercial activities relating to the sale or promotion of Defendant's Goods and Services in connection with the Rejuva MD trademark or any other trade name or trademark that is confusingly similar to the Plaintiff's registered trademarks;

(4) claiming trademark rights or pursuing or filing or supporting, directly or indirectly, any application for registration of any mark that comprises the phrase "REJUVA MD" or any other phrase that is similar to or may be confused with the Plaintiff's registered trademarks; and

(5) using or purchasing, without limitation, any keywords or search terms, metatags, meta elements or adwords that are confusingly similar to the Plaintiff's registered marks for any commercial activities relating to the sale or promotion of Defendant's Goods and

Services, whether in the media, over the internet or as accessible by applications or apps executable on a machine equipped with one or more processors or microcontrollers.

Defendant and each of its members, officers, directors, employees, subsidiaries, predecessors, successors and/or related companies, and persons in active concert or participation with Defendant are ordered to, by no later than January 31, 2012, send written notices to all known sales agents and vendees of the Defendant as to the effective termination of the use of REJUVA MD brand in regards to the manufacture, promotion, and sale of any and all products supplied or distributed by the Defendant. Plaintiff reserves the right to pursue any non-compliant sales agents, vendees or any other third parties that continue to infringe the Plaintiff's trademarks.

Defendant and each of its members, officers, directors, employees, subsidiaries, predecessors, successors and/or related companies, and persons in active concert or participation with Defendant are permanently enjoined, as of January 7, 2012 from:

(1) re-routing or causing the re-routing of the URL for the Defendant's Website to another website, included but not limited to www.visaomd.com; and

(2) causing the Defendant's Website to function as an active website. Effectively no content is to be loaded on a terminal or computer that attempts to visit the Defendant's Website or any Affiliated Websites that are redirected to the Defendant's Website.

To the extent that activities on any Affiliated Websites do not infringe the Plaintiff's rights and the activities on the Affiliated Websites are in compliance with this Judgment, the re-routing of such Affiliated Website to the www.visaomd.com website, or any other website shall not be deemed to violate the terms of this Consent Judgment and Permanent Injunction.

By no later than June 1, 2012, the Defendant is ordered to assign and transfer all rights to the domain name www.rejuvamd.com to Plaintiff, excluding any original content developed for display on the Defendant's Website. Further, the Defendant and each of its members, officers,

directors, employees, subsidiaries, predecessors, successors and/or related companies, and persons in active concert or participation with Defendant are ordered to maintain the registration of the Defendant's website in full force and effect by paying any fees due and complying with any other requirements necessary to avoid any lapse in registration of the Defendant's Website in order to avoid the possibility of a third party taking control of the Defendant's Website, until Defendant transfers the rights to the subject domain name to Plaintiff.

The Parties acknowledge and agree that it will be impracticable and/or difficult to assess or determine the damages incurred by the Plaintiff from breach of this Consent Judgment and Permanent Injunction. Therefore, Defendant, Rejuva MD, LLC, consents to the terms of this order and agrees to pay to the Plaintiff all attorneys fees and costs incurred by ASH in connection with any proceeding to enforce this Consent Judgment and Permanent Injunction, in addition to the total sum of $260,000 (Two Hundred and Sixty Thousand Dollars) as the adequate and fair remedy in the event the Defendant is in breach or violation of any of the terms of this Consent Judgment and Permanent Injunction.

The Parties agree that any dispute arising under or related to this Consent Judgment and Permanent Injunction or the enforcement thereof is within the jurisdiction of this Court, and that the prevailing party shall be entitled to recover the reasonable attorneys' fees and costs in enforcing the terms of this Judgment. The provisions of this Consent Judgment and Permanent Injunction shall be deemed to extend to, apply to the Parties' respective successors in interest, assignees, transferees, grantees, heirs, executors, administrators, officers and representatives.

This constitutes the complete expression of the terms of the agreement between the Parties. All other prior or contemporaneous agreements, representations, or negotiations are superseded. No waiver, amendment, or modification of any provision of this Consent Judgment and Permanent Injunction shall be effective unless in writing and signed by the Party against whom the waiver, amendment, or modification is sought to be enforced. No failure or delay by either Party in exercising any right, power, or remedy under this Consent Judgment and

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Page 5 of 6

Permanent Injunction shall operate as a waiver of the right, power, or remedy. No waiver of any provision, condition, or default of this Consent Judgment and Permanent Injunction shall be construed as a waiver of any other provision, condition, or default.

The undersigned individuals represent that they are duly authorized to execute and enter into this Consent Judgment and Permanent Injunction. The Parties consent to entry of this Consent Judgment and Permanent Injunction.

Dated: 5/14, 2012

Respectfully submitted,

REJUVA MD, LLC.

By: _____
Jennifer Bancroft, CEO

Dated: 5/14, 2012

ADVANCED SKIN & HAIR, INC.

By: _____
Dr. Afshin Shargani
President

IT IS SO ORDERED:

Dated: June 6, 2012

UNITED STATES DISTRICT COURT

**RONALD S.W. LEW**

By: _____
The Honorable Ronald S. W. Lew

CONSENT JUDGMENT AND PERMANENT INJUNCTION
Page 6 of 6